McKinney, J.
delivered the opinion of the court.
This is an indictment under the act of 1839, ch. 47. The defendant was found guilty by the jury; and a motion for a new trial, and also a motion in arrest of judgment having been overruled by the circuit judge, an appeal in error was prosecuted to this court.
The indictment contains two counts. The first count, in substance, charges that the defendant “unlawfully did permit and suffer a certain slave, named Jim, the property” &c., “to trade in spirituous liquors, horses, cows, hogs, provisions, and other property, as if a free *121 person of color, contrary to the form of the statute,” &c. The second count charges that the defendant “did unlawfully permit and suffer” said slave “to hire his own time, and act as a free person of color; contrary to the form of the statute,” &c.
The word “unlawfully” in this indictment is substituted for “wilfully,” the latter being the word used in the statute as descriptive of the offence therein defined. And the ciuestion is, whether or not this is a valid objection to the indictment, and sufficient to arrest the judgment.
The general rule is, that in an indictment, on a statute, it is necessary to set forth all the circumstances which make up the statutable definition of the offence, in the precise and technical language in which they are expressed. 1 Chitty’s Cr. L. 282, 283. But in some instances this verbal strictness has been relaxed, and equivalent words have been held sufficient. Ib. In Peek vs. State, (2 Hump. 85,) it was held by this court, that where a word is substituted in an indictment, for one not used in the statute, and the word thus substituted, is equivalent to the word used in the statute; or is of more extensive signification, and includes it, the indictment will be sufficient.
Applying this rule to the present case; is the word unlawfully equivalent to wilfully, in the connexion in which the latter word is used in the statute under consideration? Clearly not. Every act, done or omitted, which is contrary to the command or prohibition of the law, is certainly unlawfully done or omitted, irrespective of the purpose or intention of the agent; and although, in point of fact, he may have been wholly ignorant of the law, and innocent of any intent to violate its *122 injunction. But this cannot be predicated of an act wilfully done or omitted, in contravention of law. The term “wilfully,” used in the statute, as descriptive of the offence thereby created, necessarily implies that the act shall be done knowingly and of purpose. The word •unlawfully, therefore, does not describe the offence declared by the statute. And it follows that the indictment charges no offence within the statute. For this reason the judgment must be reversed and arrested.